THOMAS VENNUM, appellant, *v.* JOHN HARWOOD, appellee.

*Appeal from Iroquois.*

Where a juror had formed and expressed a decided opinion on the merits of the case adverse to the defendant, and the fact was not known to the party or his counsel, after the exercise of proper diligence, by asking the juror before he was sworn whether he had formed and expressed an opinion, it was *held,* that the defendant was entitled to a new trial.

The doctrine on this subject as laid down in the cases of *Smith* v. *Eames,* *Gardner* v. *The People,* and *Sellers* v. *The People,* 3 Scam., is re-affirmed.

CASE for slander, in the Iroquois Circuit Court, brought by the appellee against the appellant, and heard before the Hon. Richard M. Young and a jury, at the October term 1844. Verdict for the plaintiff below for $900. A motion for a new trial was made by the defendant below, but the motion was overruled, and judgment rendered on the verdict of the jury.

The substance of the several affidavits, on which the motion for a new trial was based, is set forth in the Opinion of the Court.

*J. J. Brown,* for the appellant :

A new trial ought to have been granted. *Sellers* v. *The People,* 3 Scam. 412, and cases there cited; Graham on New Trials, 129, and cases there cited.

*D. L. Gregg,* for the appellee:

The affidavits to impeach Finley's competency as a juror, do not show such a positive expression of opinion, as would amount to a disqualification. An opinion founded on rumor, or report, does not necessarily disqualify. The juror's opinions were based upon rumors. *Smith* v. *Eames,* 3 Scam. 78; *Gardner* v. *The People,* Ib. 88; *Sellers* v. *The People,* Ib. 414; *Durell* v. *Mosher,* 8 Johns. 445.

The Court was under no obligation to treat affidavits in support of a motion for a new trial as true. *Bruce* v. *Truett,* 4 Scam. 454.

The affidavit of the juror Finley, contradicts the affidavits of Wilson, Crawford and Wagner, in every particular, and gives a statement of all he had said, having reference to the case. This does not disclose a ground of challenge.

Jurors will not be allowed to impeach their verdict, but their statements may be received to support it. *Dana* v. *Tucker*, 4 Johns. 487; *Barlow* v. *The State*, 2 Blackf. 115.

It is the right of the party to ask the juror, on his *voire dire*, whether he has formed or expressed an opinion as to the merits of the controversy. *Maize* v. *Sewell*, 4 Blackf. 449. If he waives the right and takes the juror, he ought not to be allowed to set the verdict aside, by showing a previous expression of opinion. He stands guilty of laches, and should not avail himself of his own wrong act. In this case, it does not appear that the jurors were examined on the *voire dire*, although previously to being sworn, they were interrogated by Vennum's counsel.

If a party does not exercise his right at the proper time, he ought not, especially in civil causes, to be allowed the benefit of it after verdict. He might permit a person having expressed an opinion to go upon the jury for the express purpose of obtaining a new trial, in the event of being unsuccessful.

It was the duty of Vennum to have had the incompetent juror set aside, as soon as his incompetency was discovered. It may have come to his knowledge during the trial. The records do not show that this was not the case, and it is by no means unreasonable to suppose that he may have relied upon the juror's incompetency to obtain a new trial, if unsuccessful. He ought to have shown that he was ignorant of the juror's expression of opinion, not only when the jury was impanneled, but during the whole trial. In the case of *Stone* v. *The People*, 2 Scam. 337, it was decided that an incompetent juror may be discharged after trial has commenced, and a new one selected to fill his place.

Courts will reluctantly interfere to set aside verdicts. *Wickersham* v. *The People*, 1 Scam. 130; *Wheeler* v *Shields*, 2 do. 351; *Coe* v. *Givan*, 1 Blackf. 367.

It is proper to adopt a rigid rule in order to restrain motions for new trials, where no cause exists. The frequency of such motions is a great annoyance to our Courts, and ought to be checked.

If these views are correct, a new trial was properly refused by the Court below.

The Opinion of the Court was delivered by

TREAT, J. This was an action on the case for *slander*, brought by Harwood against Vennum.

The declaration alleged that the defendant had charged the plaintiff with the commission of the crime of larceny. The defendant pleaded not guilty. The cause was tried by a jury, who found a verdict in favor of the plaintiff, for nine hundred dollars. The defendant entered a motion for a new trial. One of the grounds urged for a new trial was the disqualification of J. S. Finley, one of the jurors who tried the case. To sustain this ground several affidavits were read. The defendant stated, that at the time of impanneling the jury, all the jurors were asked if they had formed or expressed any opinion as to the rights of the parties, or the merits of the case; that they severally answered in the negative; that at the time, he had no knowledge or suspicion, that Finley had formed or expressed any opinion about the case, otherwise he should most certainly have challenged him ; that he had since learned with surprise, that Finley had, previous to the trial, repeatedly expressed an opinion about the case, and with much warmth, against the defendant, and adverse to his rights.

J. J. Brown, Esq., the counsel for the defendant, stated that the jurors, in answer to the questions asked them, severally declared that they had neither formed nor expressed an opinion relative to the rights of the parties, or the merits of the case ; that at the time the jurors were sworn to try the case, he had no knowledge or suspicion that Finley had ever formed or expressed an opinion about the case.

Jacob Wagner stated, that some two or three weeks before the trial, he heard Finley say that Vennum had talked too

much about Harwood, and he thought Vennum would have to pay for it, and that it would be nothing but right that he should.

James Crawford stated, that since the verdict was rendered, Finley said to him, in the presence of Dr. Wilson, that he and Wilson had often argued about the case, and that he had always told Wilson that it would go in the way it had gone, and added that his judgment in such cases was pretty good.

Dr. Wilson stated, that at various times previous to the trial, Finley had declared to him that Harwood ought, and would, recover heavy damages against Vennum, and that he evinced much warmth in these statements.

The plaintiff read the affidavits of C. Gardner, Esq., one of his counsel, and of the juror Finley. Gardner stated that the jurors were not interrogated on their *voire dire* in respect to their competency. Finley stated, that although he had some conversation with Wilson and Crawford in relation to the case, he had never, as he believed, made any such declarations as they had stated in their affidavits ; that previous to the trial, he had not formed or expressed any opinion about the case, and that he had acted impartially as a juror.

The Court overruled the motion for a new trial, and rendered a judgment on the verdict.

Vennum has prosecuted an appeal to this Court. Several errors are assigned, but the only question which we deem necessary to be decided, is, whether the Circuit Court ought to have granted a new trial, because of the disqualification of the juror.

This Court, in the case of *Smith* v. *Eames*, 3 Scam. 76, and *Gardner* v. *The People*, Ib. 83, after a careful examination of the leading authorities on the subject, came to the conclusion, that a juror who had formed a decided opinion as to the merits of the case, either from a personal knowledge of the facts, from the statements of the witnesses, from the relations of the parties, or from rumor, was disqualified from trying the case, if challenged for cause.

In the case of *Sellers* v. *The People*, 3 Scam. 412, this Court set aside a verdict, and granted a new trial, where

one of the jurors had, previous to the trial, expressed a decided opinion against the defendant, which was unknown to him when the juror was sworn. In that case, the juror was sworn on his *voire dire*, and denied that he had formed or expressed an opinion.

On the principle of these cases deliberately settled by this Court, there is but little difficulty in determining the question before us. The evidence shows not only that the juror had formed and expressed a decided opinion on the merits of the case adverse to the defendant, but it clearly authorizes the inference that he had espoused the cause of the plaintiff, and become a partisan in the controversy. If this was unknown to the defendant and his counsel, after the exercise of proper diligence on his part, there can be no question but the defendant was entitled to a new trial. The defendant and his counsel both swear positively, that at the time the jurors were sworn to try the case, they had no knowledge or suspicion that the juror had prejudged the case, and there is nothing in the record tending to contradict their statements. The juror, when called, was asked if he had formed or expressed an opinion, and declared emphatically that he had not. The defendant had the right to conclude from this declaration that the juror was free from bias, and would try the case impartially. He could not challenge him for cause, and there was no apparent reason for a peremptory challenge. It is insisted, however, that he should have examined the juror on his *voire dire*, touching his qualification. This practice is allowable, but is seldom resorted to in civil cases. We are not prepared to say that a party is to be charged with negligence who fails to pursue this course, in order to ascertain the competency of a juror.

The judgment of the Circuit Court is reversed with costs, and the cause remanded for further proceedings.

*Judgment reversed.*